UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

APRIL DAVIDSON,

     Plaintiff,

v.

BREVARD COUNTY TAX COLLECTOR,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL WITH INJUCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, APRIL DAVIDSON ("Ms. Davidson" or "Plaintiff") files this Complaint against Defendant, BREVARD COUNTY TAX COLLECTOR, ("BC" or "Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2.    This Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also

has supplemental jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her ADA claims.

3.      At all times relevant hereto, Plaintiff was an employee of Defendant.

4.      Plaintiff worked for Defendant in Brevard County, Florida, and this venue is therefore proper.

5.      Defendant is located and doing business in Brevard County, Florida, and is therefore within the jurisdiction of the Court.

6.      At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

      a.      Plaintiff suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

      b.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7.      Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

## CONDITIONS PRECEDENT

8.      On or around May 18, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

9.      More than 180 days have passed since the filing of the Charge of Discrimination.

10.     On August 19, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

11.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

12.     All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

13.     Ms. Davidson worked as a Motorist Specialist for BC from December 11, 2018, until her termination on October 31, 2019.

14.     Ms. Davidson, who has suffered for years from ongoing disabilities, namely post-traumatic stress disorder ("PTSD"), anxiety, and major depression.

15.     In 2003, Ms. Davidson lost three (3) children in a motor vehicle accident and this has underpinned her ongoing disabilities.

16.     On or about October 24, 2019, after punching a mirror due to a flare-up of her PTSD, Ms. Davidson broke bones in her hand.

17.     On October 27, 2019, Ms. Davidson visited a nearby hospital emergency room in order to treat and address her injured hands.

18.     The next day, October 28, 2019, Ms. Davidson's boyfriend, Bill Johnson, delivered to BC a doctor's note for Ms. Davidson excusing her from work until

October 31, 2019, on account of her disabilities and resulting permanent physical impairment.

19.     Ms. Davidson returned to work at BV on October 30, 2019, and also gave the doctor's note to her manager, Denise Wicker.

20.     At that time, Ms. Davidson attempted to discuss her disabilities, and potential reasonable accommodations for same, with Ms. Wicker, but Ms. Wicker simply stated, "you need professional help."

21.     Ms. Davidson advised she had a flare up of her mental health disabilities, which caused a physical impairment on her hand.

22.     As a result, she requested reasonable accommodation based on her medical provider's restrictions.

23.     However, on the next day, October 31, 2019, BC informed Ms. Davidson that instead of accommodating her for her disabilities, BC had decided to terminate Ms. Davidson's employment, effective immediately.

24.     The timing of Plaintiff's request for reasonable accommodation, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

25.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

26.     In reality, Defendant's termination of Ms. Davidson stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA and FCRA.

27.     Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA and FCRA were intended to prevent.

28.     The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA and FCRA and her termination sufficiently clear.

29.     Any reason provided by Defendant for its actions is a pretext for discrimination.

30.     The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and FCRA.

31.     Defendant was aware of Plaintiff's ADA/FCRA-protected disability and Plaintiff's need for reasonable accommodation.

32.     An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

33.     Ms. Davidson is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job.

34.     By reason of the foregoing, Defendant' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

35.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations."  42 U.S.C. § 12111(9)(B).

36.     Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation.

37.     In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Davidson based solely upon her disability.

38.     At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

39.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

40.     Defendant did not have a good faith basis for its actions.

41.     As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

42.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

43.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 42, above.

44.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

45.     The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

46.     The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47.     Plaintiff has suffered damages as a result of Defendant' illegal conduct toward her.

48.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

49.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

50.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 42, above.

51.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

52.     The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

53.     The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

56.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

57.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 42, above.

58.      Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

59.     Plaintiff's request for reasonable accommodation, constituted protected activity under the ADA.

60.     Plaintiff was terminated as a direct result of her request for reasonable accommodation.

61.    Plaintiff's protected activity, and her termination, are causally related.

62.    Defendant's stated reasons for Plaintiff's termination are a pretext.

63.    The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

65.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

66.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

67.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 42, above.

68.     Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

69.     Plaintiff's request for reasonable accommodation, constituted protected activity under the FCRA.

70.     Plaintiff was terminated as a direct result of her request for reasonable accommodation.

71.     Plaintiff's protected activity, and her termination, are causally related.

72.     Defendant's stated reasons for Plaintiff's termination are a pretext.

73.     The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

74.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

75.     Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

76.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 14th day of November, 2022.

Respectfully Submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com